**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3716
_____

DR. FLORA K. MOSAKA-WRIGHT,
Appellant

v.

LA ROCHE COLLEGE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cv-01139)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2013

Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: April 11, 2013)
_____

OPINION
_____

PER CURIAM

    Dr. Flora Mosaka-Wright, proceeding pro se, appeals an order of the United States

District Court for the Western District of Pennsylvania granting summary judgment in

favor of La Roche College in her employment discrimination action.  For the reasons that

follow, we will affirm the judgment of the District Court.

The record reflects that La Roche College hired Mosaka-Wright in 2000 as the Associate Dean for International Programs. In 2002, La Roche eliminated Mosaka-Wright's position and 23 other positions for financial reasons. Dr. Howard Ishiyama, the Vice President of Academic Affairs, offered Mosaka-Wright a job as a Visiting Assistant Professor in the Sociology Department. According to Ishiyama, Department Chair MariJean Ferguson had asked that Mosaka-Wright be assigned to her Department.

Mosaka-Wright signed a Faculty Appointment Agreement ("FAA") for three semesters from January 1, 2003 through May 15, 2004. Mosaka-Wright taught as an adjunct professor in the summers of 2003 and 2004 pursuant to separate agreements. Mosaka-Wright and Ferguson were the only full-time faculty in the Sociology Department.

In May 2004, Mosaka-Wright was offered a position as a Visiting Assistant Professor for the next school year pursuant to an FAA for the period August 15, 2004 through May 15, 2005. Mosaka-Wright testified at her deposition that she sought legal help when she did not timely receive the contract. Mosaka-Wright's lawyer sent a letter to Ishiyama objecting to the 9-month term. La Roche, however, stood by its offer and Mosaka-Wright accepted it.

In June 2004, Mosaka-Wright met with Ishiyama and gave him a document outlining problems she was having with Ferguson. Mosaka-Wright explained at her deposition that Ferguson, who is now deceased, had a strong personality and that she has a strong personality as well. Mosaka-Wright testified that Ferguson had called her

verbose and arrogant and had criticized her syllabi. She described Ferguson and herself as "at odds with each other." Mosaka-Wright Dep. at 232. In support of her discrimination claim, Mosaka-Wright, who is African, testified that Ferguson had said that the campus looked "like the projects" with "black students hanging out." Mosaka-Wright Dep. at 130. Ferguson laughed when Mosaka-Wright confronted her about the comment. Ishiyama did not discuss the document Mosaka-Wright gave him with Ferguson because she had asked him not to.[1]

In August 2004, enrollment in Mosaka-Wright's upcoming fall courses was low and, as a result, she worked on projects and taught fewer classes. Mosaka-Wright testified that she knew in the fall of 2004 that Ferguson would not recommend that her contract be renewed because Ferguson did not like her. Ishiyama has never offered a contract to a visiting professor without the recommendation of the Department Chair. Ishiyama also attested that Mosaka-Wright's student evaluations were the worst he had ever seen. Ferguson passed away in early 2005. Mosaka-Wright was not offered another FAA when her contract expired in May 2005. She was not replaced. Adjunct professors

---

[1]Mosaka-Wright testified to other comments by Ferguson, but her testimony reflects that she believed these comments were race-neutral or that she agreed with them. For example, Mosaka-Wright testified that Ferguson had told her that adjunct professors said that she favored international students. Mosaka-Wright believed anyone could assume that she favored these students because she had been initially hired to work with them. Mosaka-Wright also stated that Ferguson had said there was a "cultural divide" between them. Mosaka-Wright Dep. at 138. She agreed there was a cultural divide, although she felt that Ferguson's comment was intended to be pejorative.

taught Sociology courses during the 2005-06 school year and a new full-time Department Chair was hired in August 2006.

In May 2005, Mosaka-Wright filed a discrimination complaint, which was later amended through counsel, against La Roche with the Pennsylvania Human Relations Commission ("PHRC"). The complaint was dual-filed with the Equal Employment Opportunity Commission, which issued a notice of dismissal and right to sue letter. Mosaka-Wright then filed in District Court a pro se complaint, claiming retaliation and discrimination based on her race, national origin, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The District Court granted La Roche's summary judgment motion and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Moore v. City of Philadelphia, 461 F.3d 331, 340 (3d Cir. 2006).

The District Court ruled that Mosaka-Wright failed to establish a prima facie case of retaliation because she did not show that she engaged in any protected activity before she learned that her contract would not be renewed. See Moore, 461 F.3d at 340-41 (stating a prima facie case requires a plaintiff to show that she engaged in protected activity, that her employer took an adverse employment action, and that the protected activity and adverse employment action are causally connected).

Mosaka-Wright argues on appeal that she engaged in protected activity when her attorney objected to her contract and when she filed a complaint with the PHRC.

4

Appellant's Br. at 32. As recognized by the District Court, Mosaka-Wright's attorney only objected to the term of her contract and that act did not constitute protected activity. See id. at 341 (noting protected activity includes participation in Title VII proceedings and opposition to discrimination made unlawful by Title VII). Mosaka-Wright's PHRC complaint constitutes protected activity, but because she filed the complaint after she learned she would not be offered another FAA, the filing and adverse employment action are not causally connected. Summary judgment was thus properly granted on this claim.[2]

The District Court also decided that Mosaka-Wright failed to produce evidence in support of her race and national origin discrimination claims. The burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to Mosaka-Wright's claims. Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (per curiam). Under this framework, Mosaka-Wright had the initial burden of establishing a prima facie case of discrimination by a preponderance of the evidence. Id. Whether Mosaka-Wright established a prima facie case is a question of law. Id.

Mosaka-Wright was required to show that (1) she belongs to a protected class; (2) she was qualified for the position she sought; and (3) she was subject to an adverse employment action; (4) under circumstances that give rise to an inference of unlawful

---

[2]Mosaka-Wright suggests in her brief that Ferguson retaliated against her because she confronted her about her derogatory racial remark, but even if this was protected activity, there is no evidence showing that her conversation with Ferguson had any connection to the decision not to offer her another contract.

discrimination.  See id.  To the extent the District Court found that Mosaka-Wright failed to satisfy the fourth element and show that the circumstances give rise to an inference of unlawful discrimination, we agree with that conclusion.

Mosaka-Wright's evidence of race and/or national origin discrimination consists of her own deposition testimony that Ferguson did not like her and made an offensive remark about black students.  Mosaka-Wright, however, was required to establish "some causal nexus" between her membership in a protected class and the decision not to offer her another contract.  Sarullo, 352 F.3d at 798.  The record reflects that Ishiyama has never offered a visiting professor contract without the recommendation of the Department Chair and that Mosaka-Wright was told she did not have Ferguson's recommendation.  The evidence is insufficient, however, to show that the Ferguson's lack of support had a causal nexus to Mosaka-Wright's race or national origin.  Because summary judgment was warranted on this basis, we need not address the other reasons given by the District Court.[3]

Finally, as explained by the District Court, summary judgment was warranted on Mosaka-Wright's age discrimination claim for failure to exhaust administrative remedies.

Accordingly, we will affirm the judgment of the District Court.

---

[3]La Roche also argues in its brief that Mosaka-Wright did not produce evidence to support a hostile work environment claim.  We need not address this argument because Mosaka-Wright did not bring such a claim in her complaint.

6